# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | | |
|---|---|---|
| **DEBRA J. GIPSON,** | ) | CASE NO. 1:23 CV 712 |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | JUDGE DAVID A. RUIZ |
| | ) | |
| v. | ) | |
| | ) | |
| **NVR, Inc. d/b/a Ryan Homes,** *et al.***,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendants.** | ) | |

## Introduction

*Pro se* plaintiff Debra J. Gipson has filed a civil complaint in this case against multiple defendants, including NVR, Inc. d/b/a Ryan Homes, Guardian Protection, Richmond Reserve Homeowners Association (RRHOA), City of Richmond Heights Police and Building Departments, and Freedom Mortgage Corporation. (Doc. No. 1.) Along with the complaint, plaintiff filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted. The complaint, however, is dismissed for the reasons set forth below.

## Background

Plaintiff's complaint is general and not entirely clear, but it pertains to her purchase, occupancy, and ownership of a residence located in Richmond Heights, Ohio (the "property"). Plaintiff alleges she contracted with Ryan Homes for the construction of a residence on the property in 2019. She contends Ryan Homes and Guardian Protection failed to properly install security cameras and that personal items were stolen from her residence as a result. (Doc. No. 1 at 3, ¶¶ 7, 8.) She also contends Ryan Homes, Guardian Protection and others conspired to allow

1

unauthorized access to her home after she moved in to complete construction and repairs that should have been completed before her occupancy. (*Id*. at 3-4, ¶ 9.)

Among other things, she contends "Defendant(s)" engaged in "mortgage fraud" by providing false and misleading information about the condition of her home, that the City of Richmond Heights Building Department "unlawfully" granted a Certificate of Occupancy, and that members of the City Police Department failed to respond to or take action with respect to her repeated complaints of theft and harassment. (*Id*. at 3, ¶ 9; at 4, ¶ 12.) Instead, she contends "members of the RHPD have implied that [she] is…making [complaints] up to get attention.'" (*Id*. at 6, ¶ 19.) In addition, she contends she has been harassed and intimidated in a numbers of ways, including with "threats of bodily injury and harm" and having garbage "redeposited" back into her home under the direction of the City of Richmond Heights and the RRHOA (*id*. at 5, ¶ 17), and that she has been unlawfully taxed, fined and forced to sell her home.[1]

Although plaintiff's complaint refers to a number of federal statutes, it does not clearly state what specific claims she alleges against each of the various defendants or set forth facts indicating how she contends each of them acted unlawfully. On its face her complaint, she alleges the following seven claims for relief: state-law claims for mortgage fraud (count one); harassment (count two); unlawful trespass (count three); tax fraud (count six); federal claims for violations of the Vietnam Era Veterans' Readjustment Assistance Act of 1974, 38 U.S.C. § 4212 (VEVRAA) (count four); discrimination on the basis of her veteran status in violation of the Equal Protection Clause of the Fourteenth Amendment (count five); and violation of the Racketeer Influenced and

---

[1] On the civil cover sheet she filed with her complaint, plaintiff indicates her complaint is related to a mortgage foreclosure action brought against her in state court by Freedom Mortgage. *See Freedom Mortgage Corporation v. Debra J. Gipson, et al*., CV-23-975506 (Cuy. Cty. Ct. of Comm. Pls.).

Corrupt Organizations Act, 18 U.S.C. §§ 1961-68 (RICO) (count seven)). (*Id*. at 7-12, "Claims for Relief.") She indicates subject-matter jurisdiction exists on the basis of her federal claims.

## Standard of Review and Discussion

Although the standard of review for *pro se* pleadings is liberal, the generous construction afforded *pro se* plaintiffs has limits. *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements, and courts are not required to conjure allegations on their behalf. *See Erwin v. Edwards*, 22 F. App'x 579, 2001 WL 1556573 (6th Cir. Dec. 4, 2001). Federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B). To state a claim on which relief may be granted, a complaint must set forth sufficient factual averments, accepted as true, to state claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under 28 U.S.C. § 1915(e)(2)(B)). Detailed factual allegations are not required, but the complaint's "allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Additionally, they must be sufficient to give the defendants "fair notice of what [the plaintiff's] claims are and the grounds upon which they rest." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002).

Upon review, the Court finds that plaintiff's complaint must be dismissed because, even liberally construed, it fails to allege any plausible federal claim upon which she may be granted relief.

First, plaintiff has alleged no plausible federal claim for relief under VEVRAA, which pertains to the employment of veterans under federal contracts and has no applicability to the circumstances Plaintiff alleges in her complaint. Even if VEVRAA were applicable, Congress did not create a private cause of action to enforce it. *See Matula v. Lower Colo. River Auth.*, 134 F. App'x 715, 716 (5th Cir. 2005) (unpublished); *see also Carson v. Willow Valley Cmtys.*, 789 F. App'x 310, 312 n.3 (3d Cir. 2019) ("[I]t appears that every Court of Appeals to have address[ed] the issue has held that these statutes do not imply a private right of action."). Instead, Congress created an administrative enforcement scheme. To the extent a veteran believes she is a victim of discrimination prohibited by VEVRAA, she may complain to the Secretary of Labor, who is charged with the responsibility of enforcing the statute administratively. 38 U.S.C. § 4212(b); *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 473 (6th Cir. 2003). But she may not pursue a private cause of action.

Second, plaintiff's complaint fails to allege a plausible claim against any defendant for violating a federal right under 42 U.S.C. § 1983, which is the federal statute providing a remedy to plaintiffs claiming violations of their federal civil rights committed by a "person" acting under color of state law. Most of the named defendants (*i.e.*, Ryan Homes, Guardian Protection, Freedom Mortgage Corporation, and RRHOA) are private entities or corporations. In general, private companies do not act under color of state law for purposes of section 1983. *See, e.g., Adams v. Vandermark*, 855 F.2d 312, 317 (6th Cir. 1988) (holding that a private corporation is not a state actor despite being subject to state regulation). There are no allegations in plaintiff's complaint reasonably suggesting that the private entities plaintiff names as defendants engaged in conduct that could be construed as state action for purposes of section 1983.

Municipalities such as the City of Richmond Heights are "persons" subject to suit under section 1983, *see Monell v. Department of Social Services of City of New York*, 436 U.S. 658, 701 (1978), but municipalities are not liable for every alleged misdeed by their employees and agents. Instead, it is only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. To demonstrate municipal liability, a plaintiff must "identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy." *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir.1987) (adopting the test articulated in *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir.1984) (en banc), *cert. denied*, 472 U.S. 1016 (1985)).

Plaintiff's complaint does not contain allegations reasonably suggesting that a policy of the City of Richmond Heights caused a violation of her federal rights. At most, plaintiff's complaint suggests that the Richmond Heights Police and Building Departments erred in granting a Certificate of Occupancy regarding the property and/or in responding to her complaints of theft and harassment. These allegations even liberally construed fail to suggest that an official policy of the City of Richmond Heights was the moving force behind a federal civil rights violation. Plaintiff furthermore does not allege facts plausibly suggesting that the mistreatment she asserts she experienced was in any way connected to her status as a veteran, or any other protected characteristic. Her allegations of discriminatory treatment are wholly conclusory. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a viable claim under section 1983. *See Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

Third, the complaint fails to state a RICO claim. The original purpose of the RICO statute was to combat organized, continuing criminal activity. *See Jennings v. Auto Meter Prods., Inc.*,

495 F.3d 466, 472 (7th Cir. 2007). To establish a civil claim, a plaintiff must show: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity." *Orlowski v. Bates*, 146 F. Supp. 3d 908, 928 (W.D. Tenn. 2015) (citing *West Hills Farms, LLC v. ClassicStar Farms, Inc.*, 727 F.3d 473, 483 (6th Cir. 2013)).

Plaintiff's complaint fails to allege facts necessary to demonstrate these required elements. The general and conclusory assertions she makes in her complaint—that "Defendants" engaged in unlawful acts, including intimidation, fraud, and coercion (*see* Doc. No. 1 at 11, ¶ 53)—are insufficient to support a claim. *See Leeds v. City of Muldraugh, Meade Cty., KY*, 174 F. App'x 251, 254 (6th Cir. 2006) (plaintiff failed to meet heightened pleading requirements for a RICO claim); *Walker v. Jackson Pub. Sch.*, 42 F. App'x 735, 737-38 (6th Cir. 2002) (plaintiff's bare and conclusory allegations failed to meet pleading requirements for RICO claim). "[A] civil RICO claim does not exist merely because a plaintiff takes the facts of an otherwise general civil claim ... and restates those facts using the language of the RICO statute." *Robert L. Howse v. Metropolitan Government of Nashville & Davidson Count, TN, et al.*, No. 3:18-1148, 2019 WL 13397804, at *4 (M. D. Tenn. Mar. 4, 2019). Plaintiff has not pleaded a viable RICO claim.

## Conclusion

Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted. Plaintiff's complaint, however, fails to state a plausible federal claim upon which relief may be granted and her federal claims are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), as explained in this decision. There being no viable federal claim in the case, the Court declines to exercise supplemental jurisdiction over plaintiff's state-law claims. *See Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254–1255 (6th Cir. 1996) ("When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims, or

6

remanding them to state court if the action was removed."). Plaintiff's state-law claims are dismissed without prejudice to re-filing in state court. The Court, however, expresses no opinion regarding the viability of any such claims.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ *David A. Ruiz*
DAVID A. RUIZ
UNITED STATES DISTRICT JUDGE

Date: April 24, 2024